# Exhibit A

# Andrew Lothson

| | |
|---|---|
| **From:** | James Vogts |
| **Sent:** | Friday, June 01, 2012 10:47 AM |
| **To:** | Jon Robinson; Chris Ellis; Eric Holland (eholland@allfela.com); wwright@shipmanlaw.com; gshipman@shipmanlaw.com; brandong@shipmanlaw.com |
| **Cc:** | George Soule; Jennifer Huelskoetter; Andrew Lothson; Fred Rom |
| **Subject:** | Yancey, Henderson and Maxwell v. Remington, et al. |
| **Attachments:** | Draft Rule 23 1 motion (Henderson).pdf; Draft Rule 23 1 motion (Yancey).pdf; Draft Rule 23 1 motion (Maxwell).pdf; Yancey 42(a)(2) Motion for Consolidation.pdf |

The following are Remington's positions on the draft motions circulated by Jon Robinson's office on Wednesday.

(1) *Yancey* - Motion for Extension of Time to File Class Certification: a motion is not necessary given the parties' prior agreement that the deadline would be set at the March 30 Initial Case Management Conference and the March 30 order staying the case pending resolution of defendants' motions to dismiss.

(2) *Henderson* – Motion of Extension of Time to File Class Certification: Remington objects to this motion because it is untimely. A motion to certify the class was to have been filed in Texas by April 30, 2012.

(3) *Maxwell* – Motion of Extension of Time to File Class Certification: Remington objects to this motion because it is untimely. A motion to certify the class was to have been filed by February 28, 2011.

(4) Joint Motion for Consolidation – As previously stated, Remington does not object to consolidation of the three cases. However, the draft motion confusingly asks the court in *Yancey* to consolidate it "with two other actions pending" before the court and then asks that *Yancey* be consolidated with the "three above identified cases." I suspect the court can wade through the confusion but it would be less confusing to file a motion in *Yancey* to consolidate it with *Maxwell* and a separate motion in *Henderson* to consolidate it with *Maxwell*.

Consolidation might be accomplished more efficiently by simply filing notices of a related case (*Maxwell*) in the *Yancey* and *Henderson* cases. The court can handle consolidation from there.

Remington objects to the language in paragraph 4 of the draft motion. As previously indicated, Remington cannot agree to filing of an amended complaint it has not yet seen, and we don't see why there needs to be any reference to an amended complaint in the motion at all. When the amended complaint is prepared, it should be served as an exhibit to plaintiffs' motion for leave to file the amended pleading. At that point, Remington will decide whether there is agreement or a basis on which to object.

If you have any questions regarding Remington's position, please let me know.

Jim

**James B. Vogts**
Swanson, Martin & Bell LLP
330 N. Wabash Ave.
Suite 3300
Chicago, Illinois 60611

1

Case 1:12-cv-00477-JAB-JLW   Document 101-1   Filed 07/27/12   Page 2 of 3

(312) 222-8517
jvogts@smbtrials.com

---

**From:** Donna Whitsett [mailto:dwhitsett@brelaw.com]
**Sent:** Wednesday, May 30, 2012 12:35 PM
**To:** Dale Wills; 'george.soule@bowmanandbrooke.com'
**Cc:** Jon Robinson; Chris Ellis; Eric Holland; William Wright (wwright@shipmanlaw.com); Gary Shipman (gshipman@shipmanlaw.com); brandong@shipmanlaw.com; James Vogts; Andrew Lothson; 'jennifer.huelskoetter@bowmanandbrooke.com'; melissa.stull@bowmanandbrooke.com
**Subject:** Yancey, Henderson and Maxwell v. Remington, et al.

Jon has asked that I send the attached drafts for your review and comment. Please let him hear from you on this by the end of the week if possible.
Thank you.
Donna

Donna Whitsett
Legal Assistant to Jon D. Robinson
Bolen Robinson & Ellis, LLP
202 South Franklin, 2nd Floor . Decatur . Illinois . 62523
Telephone 217.429.4296 – Fax 217.329.0034

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.